United States District Court
Southern District of Texas
**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CLAUDIA GUTIERREZ-REYNA,<br>    "Petitioner," | §<br>§<br>§ | |
| v. | §<br>§<br>§ | Civil Action No. 1:26-cv-00492 |
| FRANCISCO VENEGAS, *et al.*, *in their*<br>*official capacities*,<br>    "Respondents." | §<br>§<br>§ | |

## ORDER

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), "Petitioner's Motion for Voluntary Dismissal" (Dkt. No. 10) ("Motion"), and Respondents' "Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 9) ("MSJ"). By her Motion, Petitioner moves for voluntary dismissal under FED. R. CIV. P. 41(a)(2) ("Rule 41(a)(2)"), explaining that her release from Respondents' custody has obviated the need for further proceedings. *See* Dkt. No. 10.

After an adverse party has served an answer or motion for summary judgment, Rule 41(a)(2) permits an action to be "dismissed at the [petitioner's] request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2); *see also Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988) (explaining that Rule 41(a)(2) may be applied in a habeas proceeding). Motions for voluntary dismissal should generally be granted absent plain legal prejudice to the nonmovant or evidence of abuse by the movant. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

Because dismissal of an otherwise moot action[1] will not result in plain legal prejudice to Respondents, and there is no evidence of abuse by Petitioner, the Court **GRANTS** Petitioner's Motion (Dkt.

---

[1] Petitioner's release from custody—the primary relief sought in the Petition, *see generally* Dkt. No. 1—leaves no live case or controversy for the Court to resolve. *See Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (explaining that a case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party.").

No. 10). Petitioner's claims against Respondents are **DISMISSED** without prejudice. Respondents' MSJ

(Dkt. No. 9) is further **DENIED** as moot. The Clerk of the Court is **ORDERED** to close this case.

SIGNED this June 26, 2026

Rolando Olvera
United States District Judge